**BROWN KWON & LAM LLP**
William Brown, Esq.
521 5th Avenue, 17th Floor
New York, NY 10175
Tel.: (718) 971-0326
Fax: (718) 795-1642
wbrown@bkllawyers.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **ELLEN HOLLIS,**<br><br>**Plaintiff,**<br><br>- against -<br><br>**THE ALL AMERICAN BAR ON FIRST, INC.**<br>    **d/b/a AMERICAN TRASH,**<br>**LAVA 164 CORP.**<br>    **d/b/a MARSHALL STREET,**<br>**ROBERT GEROLA, ROBERT O'ROURKE,**<br>**LOUISE DEMARCO and**<br>**CLAUDINE O'ROURKE,**<br><br>**Defendants.** | **Case No.:**<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff ELLEN HOLLIS ("Plaintiff"), upon personal knowledge as to herself, and upon information and belief as to other matters, by and through her undersigned attorneys, hereby files this Complaint against Defendants THE ALL AMERICAN BAR ON FIRST, INC. d/b/a AMERICAN TRASH (hereinafter, "American Trash"), LAVA 164 CORP. d/b/a MARSHALL STREET (hereinafter "Marshall Street" and collectively "Corporate Defendants") ROBERT GEROLA (hereinafter, "Gerola,") ROBERT O'ROURKE (hereinafter, "O'Rourke") LOUISE DEMARCO (hereinafter, "DeMarco") and CLAUDINE O'ROURKE (hereinafter, "Claudine O'Rourke") collectively "Individual Defendants" and together with Corporate Defendants, "Defendants") alleges as follows:

1

**INTRODUCTION**

1. Plaintiff brings this action against Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), seeking from Defendants: (1) unpaid minium and overtime wages, (2) unlawfully retained tips, (3) liquidated damages, and (4) attorneys' fees and costs.

2. Plaintiff also brings this action against Defendants pursuant to the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, the supporting New York State Department of Labor Regulations, seeking from Defendants: (1) unpaid minimum and overtiume wages, (2) missapropriated tips, (3) unpaid spread of hours premiums (4) statutory penalties for failure to provide wage notices and wage statements, (5) liquidated damages, (6) interest, and (7) attorneys' fees and costs.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337.

4. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

**PARTIES**

*Plaintiff*

6. Plaintiff ELLEN HOLLIS is an adult who resides in Kings County, New York.

7. Plaintiff was employed by Defendants and, at all relevant times, met the definition of an "employee" under the applicable laws.

8. Plaintiff retained Brown Kwon & Lam, LLP to represent her in this action and has agreed to pay the firm a reasonable fee for its services.

## *Defendants*

### *The All American Bar on First, Inc.*

9. Defendant THE ALL AMERICAN BAR ON FIRST, INC. d/b/a American Trash is a domestic business corporation organized under the laws of the State of New York with a principal place of business located at 1471 First Avenue, New York, New York 10075.

10. At all relevant times, Defendants operated American Trash through Defendant THE ALL AMERICAN BAR ON FIRST, INC.

11. At all relevant times, THE ALL AMERICAN BAR ON FIRST, INC met the definition of an "employer" under the FLSA and NYLL.

12. Defendant THE ALL AMERICAN BAR ON FIRST, INC. employed Plaintiff throughout the relevant period.

13. At all relevant times, Defendant THE ALL AMERICAN BAR ON FIRST, INC maintained control, oversight, and direction over Plaintiff including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

### *Lava 164 Corp.*

14. Defendant LAVA 164 CORP., is a domestic business corporation with a principal place of business located at 306 E 49th Street, New York, New York 10017.

15. At all relevant times, Defendants operated Marshall Street through Defendant LAVA 164 CORP.

3

16. At all relevant times, LAVA 164 CORP met the definition of an "employer" under the FLSA and NYLL.

17. Defendant LAVA 164 CORP employed Plaintiff throughout the relevant period.

18. At all relevant times, Defendant LAVA 164 CORP maintained control, oversight, and direction over Plaintiff including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

### *Robert Gerola*

19. At all relevant times, Individual Defendant ROBERT GEROLA was an owner, operator and principal of Corporate Defendants.

20. At all relevant times, Individual Defendant ROBERT GEROLA was directly involved in managing the operations of Corporate Defendants.

21. At all relevant times, Individual Defendant ROBERT GEROLA had authority over personnel or payroll decisions and employment policies, practices and procedures for Corporate Defendants.

22. At all relevant times, Individual Defendant ROBERT GEROLA had the power to hire, fire, promote or discipline Plaintiff and control the terms and conditions of her employment for Corporate Defendants, including her work assignments, work schedules, pay and responsibilities.

23. At all relevant times, Individual Defendant ROBERT GEROLA had the power to hire, fire, promote, discipline, supervise, and control the employment terms and conditions of the managers and/or supervisors of Plaintiff.

24. At all relevant times, Individual Defendant ROBERT GEROLA had the power to prevent or stop any unlawful practices that harmed Plaintiff.

25. At all relevant times, Individual Defendant ROBERT GEROLA had the power to maintain employment records, including time and/or wage records of employees at Corporate Defendants.

26. Individual Defendant ROBERT GEROLA is a covered "employer" within the meaning of the FLSA and NYLL.

27. At all relevant times, Individual Defendant ROBERT GEROLA employed Plaintiff.

*Robert O'Rourke*

28. At all relevant times, Individual Defendant ROBERT O'ROURKE was an owner, operator and principal of Corporate Defendants.

29. At all relevant times, Individual Defendant ROBERT O'ROURKE was directly involved in managing the operations of Corporate Defendants.

30. At all relevant times, Individual Defendant ROBERT O'ROURKE had authority over personnel or payroll decisions and employment policies, practices and procedures for Corporate Defendants.

31. At all relevant times, Individual Defendant ROBERT O'ROURKE had the power to hire, fire, promote or discipline Plaintiff and control the terms and conditions of her employment for Corporate Defendants, including her work assignments, work schedules, pay and responsibilities.

32. At all relevant times, Individual Defendant ROBERT O'ROURKE had the power to hire, fire, promote, discipline, supervise, and control the employment terms and conditions of the managers and/or supervisors of Plaintiff.

5

33. At all relevant times, Individual Defendant ROBERT O'ROURKE had the power to maintain employment records, including time and/or wage records of employees at Corporate Defendants.

34. At all relevant times, Individual Defendant ROBERT O'ROURKE had the power to prevent or stop any unlawful practices that harmed Plaintiff.

35. At all relevant times, Individual Defendant ROBERT O'ROURKE had the power to maintain employment records, including time and/or wage records of employees at Corporate Defendants.

36. Individual Defendant ROBERT O'ROURKE is a covered "employer" within the meaning of the FLSA and NYLL.

37. At all relevant times, Individual Defendant ROBERT O'ROURKE employed Plaintiff.

*Louise DeMarco*

38. At all relevant times, Individual Defendant LOUISE DEMARCO was an owner, operator and principal of Corporate Defendants.

39. Upon information and belief, Individual Defendant LOUISE DEMARCO was directly involved in managing the operations of Corporate Defendants.

40. Upon information and belief, Individual Defendant LOUISE DEMARCO had authority over personnel or payroll decisions and employment policies, practices and procedures for Corporate Defendants.

41. Upon information and belief, Individual Defendant LOUISE DEMARCO had the power to hire, fire, promote or discipline Plaintiff and control the terms and conditions of her

employment for Corporate Defendants, including her work assignments, work schedules, pay and responsibilities.

42. Upon information and belief, Individual Defendant LOUISE DEMARCO had the power to hire, fire, promote, discipline, supervise, and control the employment terms and conditions of the managers and/or supervisors of Plaintiff.

43. At all relevant times, Individual Defendant LOUISE DEMARCO had the power to maintain employment records, including time and/or wage records of employees at Corporate Defendants.

44. Upon information and belief, Individual Defendant LOUISE DEMARCO had the power to prevent or stop any unlawful practices that harmed Plaintiff.

45. Upon information and belief, Individual Defendant LOUISE DEMARCO had the power to maintain employment records, including time and/or wage records of employees at Corporate Defendants.

46. Individual Defendant LOUISE DEMARCO is a covered "employer" within the meaning of the FLSA and NYLL.

47. At all relevant times, Individual Defendant LOUISE DEMARCO employed Plaintiff.

*Claudine O'Rourke*

48. At all relevant times, Individual Defendant CLAUDINE O'ROURKE was an owner, operator and principal of Corporate Defendants.

49. Upon information and belief, Individual Defendant CLAUDINE O'ROURKE was directly involved in managing the operations of Corporate Defendants.

50. Upon information and belief, Individual Defendant CLAUDINE O'ROURKE had authority over personnel or payroll decisions and employment policies, practices and procedures for Corporate Defendants.

51. Upon information and belief, Individual Defendant CLAUDINE O'ROURKE had the power to hire, fire, promote or discipline Plaintiff and control the terms and conditions of her employment for Corporate Defendants, including her work assignments, work schedules, pay and responsibilities.

52. Upon information and belief, Individual Defendant CLAUDINE O'ROURKE had the power to hire, fire, promote, discipline, supervise, and control the employment terms and conditions of the managers and/or supervisors of Plaintiff.

53. Upon information and belief, Individual Defendant CLAUDINE O'ROURKE had the power to maintain employment records, including time and/or wage records of employees at Corporate Defendants.

54. Upon information and belief, Individual Defendant CLAUDINE O'ROURKE had the power to prevent or stop any unlawful practices that harmed Plaintiff.

55. Upon information and belief, Individual Defendant CLAUDINE O'ROURKE had the power to maintain employment records, including time and/or wage records of employees at Corporate Defendants.

56. Individual Defendant CLAUDINE O'ROURKE is a covered "employer" within the meaning of the FLSA and NYLL.

57. At all relevant times, Individual Defendant CLAUDINE O'ROURKE employed Plaintiff.

**STATEMENT OF FACTS**

58. Plaintiff was employed by American Trash, a bar located at 1471 1st Avenue, New York 10075, as a bartender from around March 2011 until on or around January 1, 2022. Upon information and belief, American Trash closed in February 2022.

59. Marshall Street, a bar located on 306 E 49th Street, New York, New York 10017 opened in 2016 and permanently closed around April 2020.

60. Plaintiff simultaneously worked at American Trash and Marshall Street from around December 2016 until around March 2019.

61. Throughout her employment with Defendants, Plaintiff <u>was not paid any wages whatsoever</u>. Plaintiff's only compensation while working at American Trash and Marshall Street was in the form of tips.

62. From around February 2016 until around December 2016, Plaintiff worked the daytime shift at American Trash three to five days per week. The daytime shift is from 1:00 p.m. to 9:00 p.m. During this period, Plaintiff therefore worked between twenty-four (24) and forty (40) hours per week.

63. Around December 2016, Gerola told Plaintiff that an additional bartender was needed at Marshall Street, and that going forward she would split her working time between American Trash and Marshall Street.

64. Defendants American Trash and Marshall Street are "joint employers" and/or a "single integrated enterprise" for the purposes of calculating overtime under the FLSA and NYLL. See, <u>29 CFR 791.2(e)</u>. Specifically, both American Trash and Marshall Street were owned and managed by Defendant Gerola who jointly coordinated Plaintiff's work schedule and Plaintiff's terms and conditions of employment.

65. Thus, during the period from around December 2016 until around March 2019, Plaintiff worked at American Trash on Wednesday, Thursday, Friday and Saturday from 1:00 p.m. to 9:00 p.m. Plaintiff worked at Marshall Street on Sunday, Monday and Tuesday from 12:00 p.m. to 8:00 p.m. In total, during this period Plaintiff worked fifty-six (56) hours per week. Starting in January 2019, Plaintiff was occasionally given a day off from either Marshall Street or American Trash. In such weeks, Plaintiff still worked at least forty-eight (48) hours per week.

66. Around March 2019, Plaintiff told Defendants that she could no longer work seven days per week, and requested that she work exclusively at American Trash. Defendants agreed, thus from around March 2019 until around March 2020, Plaintiff worked at American Trash on Tuesday, Wednesday, Friday, Saturday and Sunday from 1:00 p.m. to 9:00 p.m. For football/soccer events, Plaintiff was required to work on Sundays from around 9:00 a.m. until 9:00 p.m. Thus, Plaintiff worked a total of between forty (40) and forty-four (44) hours per week.

67. Due to the outbreak of Covid-19, Plaintiff did not work for Defendants between March 2020 and June 2020. From June 2020 until around December 2020, Plaintiff worked three days per week from 1:00 p.m. to 9:00 p.m. for a total of around twenty-four (24) hours per week.

68. The bar again closed due to Covid-19 from late December 2020 until around February 1, 2021.

69. Around that time, Plaintiff contracted Covid-19, and was unable to work. Plaintiff then returned to American Trash around April 2021 and continued to be employed there until the termination of her employment on or around January 1, 2022. During this final period of her employment, Plaintiff worked three days per week. On Fridays Plaintiff worked from 3:00 p.m. to 2:00 a.m., on all other days, Plaintiff worked her typical schedule from 1:00 p.m. to 9:00 p.m. Thus, during this period, Plaintiff worked around twenty-seven (27) hours per week.

70. Throughout her employment with Defendants, Defendant Gerola would occasionally bartend at American Trash. Despite being an owner/manager, Defendant Gerola would misappropriate 50% of the total bar tips each night.

71. Throughout her employment Defendants failed to pay Plaintiff spread of hours premiums for work days lasting longer than ten (10) hours.

72. Defendants knowingly and willfully failed to provide a wage notice to Plaintiff pursuant to the requirements of the NYLL.

73. Defendants knowingly and willfully failed to provide wage statements to Plaintiff pursuant to the requirements of the NYLL.

74. Defendants were further not entitled to take a tip credit against Plaintiff's wages under either the FLSA and NYLL because Defendants failed to provide Plaintiff with the required notices and because Defendants misappropriated a portion of Plaintiff's tips.

## STATEMENT OF CLAIMS

### FIRST CAUSE OF ACTION
*Violations of the FLSA*

75. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

76. The overtime provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff.

77. Defendant failed to pay Plaintiff overtime wages for all hours worked in excess of forty (40) per workweek, to which she is entitled under the FLSA.

78. Defendants failed to pay Plaintiff the minimum wage to which she is entitled under the FLSA.

79. Throughout the relevant period, the Federal minimum wage has been $7.25.

11

80. Defendants unlawfully kept and/or allowed managerial or supervisory employees to keep a portion of tips that Plaintiff earned from customers in violation of subsection 203(m) of the FLSA. See, 29 C.F.R. § 531.52.

81. Defendants failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

82. Defendants' unlawful conduct has been willful and intentional. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff all due minimum wages and overtime premiums. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

83. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to the FLSA.

84. As a result of Defendants' willful violations of the FLSA, Plaintiff suffered damages by being denied minimum and overtime wages in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs, interests, and other compensation pursuant to the FLSA.

85. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

## SECOND CAUSE OF ACTION
*Violations of the NYLL*

86. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

87. At all times relevant, Plaintiff has been an employee of Defendants, and Defendants have been an employer of Plaintiff within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

88. Defendants failed to pay Plaintiff overtime wages for all hours worked in excess of forty (40) per workweek, to which she is entitled under the NYLL.

89. Defendants failed to pay Plaintiff the minimum wage to which she is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

90. Pursuant to the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, Defendants are required to pay Plaintiff and the Class the full minimum wage at a rate of (a) $8.00 per hour for all hours worked from December 31, 2013 through December 30, 2014; (b) $8.75 per hour for all hours worked from December 31, 2014 through December 30, 2015; (c) $9.00 per hour for all hours worked from December 31, 2015 through December 30, 2016; (d) $10.00 per hour for all hours worked from December 31, 2016 through December 30, 2017; (e) $11.00 per hour for all hours worked from December 31, 2017 through December 30, 2018; (f) $12.00 per hour for all hours worked from December 31, 2018 through December 30, 2019; (g) $13.00 per hour for all hours worked from December 31, 2019 through December 30, 2020; and (h) $14.00 per hour for all hours worked from December 31, 2020 through the present.

91. Defendants unlawfully retained and/or allowed managerial or supervisory employees to keep a part of the gratuities received by Plaintiff in violation of NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations.

92. Defendant failed to furnish Plaintiff with proper wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary

language, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.

93. Defendant failed to furnish Plaintiff with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

94. Defendant failed to properly disclose or apprise Plaintiff of her rights under the NYLL and the supporting New York State Department of Labor Regulations.

95. As a result of Defendant's willful violations of the NYLL, Plaintiff is entitled to recover from Defendant her unpaid wages, overtime wages, liquidated damages, statutory penalties, reasonable attorneys' fees and costs, interests, and other compensation in accordance with the NYLL.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a. An award to Plaintiff representing damages for unpaid minimum and overtime wages under the FLSA and NYLL;

b.  An award to Plaintiff representing misappropriated tips under the FLSA and NYLL;

c.  An award of liquidated damages as a result of Defendants' willful failure to pay minimum wage and overtime wages, pursuant to the FLSA and NYLL;

d.  Statutory penalties to Plaintiffs for Defendants' failure to provide Plaintiffs with proper wage notices and wage statements, as required by the NYLL;

e.  Pre-judgment and post-judgment interest;

f.  Reasonable attorneys' fees and costs of this action;

g.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

h.  An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein; and

i.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated:  February 22, 2022                              Respectfully submitted,

**BROWN, KWON & LAM LLP**

By:     */s/ William Brown*

William Brown, Esq.
521 Fifth Avenue, 17th Floor
New York, NY 10175
Tel.: (212) 295-5825
Fax: (718) 795-1642
wbrown@bkllawyers.com
*Attorneys for Plaintiff*

## CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT

I, ELLEN HOLLIS hereby consent to be a party plaintiff pursuant to 29 U.S.C. § 216(b), in an action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., against

 THE ALL AMERICAN BAR ON FIRST, INC., LAVA 164 CORP., and ROBERT GEROLA and/or related entities and individuals to recover unpaid wages, liquidated damages, and other damages and relief available under the Fair Labor Standards Act.

*DocuSigned by:*
*Ellen J Hollis*
58A05358540A4E8...

Name: ELLEN HOLLIS

Date: 2/16/2022