Brown Kwon & Lam LLP
Attorneys at Law
521 Fifth Avenue, 17th Floor
New York, NY 10175
Tel.: (212) 295-5828
Fax: (718) 795-1642
Email: info@bkllawyers.com

**BROWN KWON & LAM LLP**

March 16, 2023

**Via ECF**
Hon. Jennifer H. Rearden, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      RE:    *Ellen Hollis v. The All American Bar on First, Inc., et al.*
              Case No. 22-cv-01466(JHR)(RWL)

Dear Judge Rearden:

      This firm represents Plaintiff Ellen Hollis in the above-referenced matter. We write to respectfully request judicial approval of the parties' settlement agreement, attached hereto as **Exhibit 1** (the "Agreement"), pursuant to *Cheeks v. Freeport Pancake House*, 796 F. 3d 199 (2d Cir. 2015). The Agreement resolves Plaintiff's claims under the Fair Labor Standards Act ("FLSA") and duplicative claims under the New York Labor Law ("NYLL") for the total amount of $21,000.00. As part of this motion, Plaintiff's counsel requests $7,620.73[1], or $6,689.63 ( i.e., one-third of the total settlement amount after the deduction of costs) and $931.10 for the reimbursement of costs.  For the reasons outlined below, the Court should approve this $21,000.00 settlement as a fair and reasonable compromise of Plaintiff's claims against Defendants.

## BACKGROUND

      On February 22, 2022, Plaintiff commenced this action alleging that Defendants failed to pay all due minimum and overtime wages, and unlawfully retained Plaintiff's tips in violation of the FLSA and NYLL; and failed to pay spread of hours premiums and failed to provide wage notices and pay statements in violation of the NYLL.  See Plaintiff's Complaint (ECF Dkt. No. 1).

      On June 15, 2022, the Court referred this case to the S.D.N.Y. Mediation Program. The mediation took place on August 23, 2022 with assistance of mediator, Joe DiBenedetto.  Despite the parties' and the mediator's best efforts, a settlement was not reached during the mediation session.  Furthermore, on October 12, 2022, Adam Leitman Bailey, P.C. was relieved as counsel for Defendants (ECF Dkt. No. 35), thereafter Defendants proceeded *pro se*.  However, counsel for Plaintiff continued to negotiate directly with the Defendants in good faith until a resolution in principle was reached on February 13, 2023.   A formal settlement agreement was fully executed by the parties on March 16, 2023. See **Exhibit 1**.

---

[1] Due to an administrative error, the Settlement Agreement incorrectly provides for $7,621.73 in attorneys' fees and costs, a difference of $1, the parties will make the appropriate adjustment at the time of payment.

## **THE SETTLEMENT IS FAIR AND REASONABLE**

Pursuant to *Cheeks*, "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court." *Cheeks*, 796 F.3d at 206; *see also Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). "Generally, there is a strong presumption in favor of finding a settlement fair, as the court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzcha v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013). "Because *Cheeks* itself did not define the contours of the approval analysis or protocols it envisioned, most district courts within our Circuit turn to the multi-factor test set out in *Wolinsky* to evaluate whether an FLSA wage and hour settlement is fair and reasonable." *Cabrera v. CBS Corp.*, No. 17 Civ. 6011, 2019 US Dist LEXIS 20963, at *13 (S.D.N.Y. Feb. 8, 2019) (internal quotation marks omitted).

Accordingly, in determining whether a proposed FLSA settlement is fair and reasonable, courts consider the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion. *See Wolinsky*, 900 F. Supp. 2d at 335. Based on these factors, the proposed settlement should be approved as fair and reasonable.

### A. Plaintiff's Range of Possible Recovery

The first factor weighs in favor of approval. Based on estimated damages calculations, Plaintiff's range of possible recovery was between $0 and $359,582.00. In a best-case scenario, assuming that all of the disputed facts alleged by Plaintiff are entirely correct and that Plaintiff would prevail on all claims, Plaintiff's calculation of damages amounts to $359,582.00, representing $161,991.00 in unpaid wages, $7,800.00 in misappropriated tips, $169,791.00 as liquidated damages, and $10,000.00 in statutory penalties. See **Exhibit 2** for Plaintiff's assumptions and calculation of damages. The $21,000.00 settlement amount to Plaintiff therefore provides a recovery of approximately 13% of Plaintiff's best-case, owed wages, not including any liquidated damages or penalties. Particularly in light of the litigation risks discussed below, this settlement recovery is a fair and reasonable result.

### B. Litigation Costs and Risks

The second and third factors also favor approval. During the August 23, 2022, mediation Defendants provided details regarding their financial situation. Specifically, both Corporate Defendants are entirely closed. Individual Defendant Robert Gerola provided documentation indicating that he is delinquent in his mortgage payments for his primary residence, and that foreclosure proceedings have been initiated against him. Individual Defendant Robert O'Rourke is a retired firefighter and is living off of his pension, while his wife Claudine O'Rourke is a real estate agent with an unpredictable income, particularly in this real estate market. Mr. and Mrs. O'Rourke further provided documentation demonstrating their financial situation. Defendants' attorney later withdrew as counsel due to the non-payment of fees. (ECF Dkt. No. 33-1)  This agreement was only made possible  due to Mr. O'Rourke borrowing against his pension, at great financial cost to him.  Such drastic measures highlight the extent of the Defendants' financial distress.  Plaintiff therefore understands that this settlement is likely the best possible outcome.

Moreover, Defendants argue that Plaintiff was a partner in the restaurants and therefore not entitled to minimum wage or overtime premiums. Regardless of the above, if this matter did not settle, the parties would need to conduct full discovery, including production of documents and depositions of all parties. As such, further litigation would require significant time and expense. In addition, both sides face serious litigation risks relating to damages and liability.

Accordingly, Plaintiff believes it to be in her best interest to receive an expedient settlement payment rather than escalate the costs, burdens, and risks of further litigation and trial. Plaintiff believes that the settlement amount is a fair result, accounting for Defendants financial situation, while eliminating the burdens and risks of trial.

### C. Arm's-Length Bargaining and Lack of Fraud or Collusion

The fourth and fifth factors also weigh in favor of approval. Plaintiff's counsel and Defendants' counsel, and later Defendants themselves, have negotiated at arm's length over the course of several months. This agreement was facilitated by a highly experienced mediator selected by the S.D.N.Y. Mediation Office. In addition, Plaintiff's counsel has significant experience handling wage and hour claims.

Further, the red-flag issues identified in *Cheeks* are not present here. The Agreement does *not* contain an overly broad general release, a confidentiality provision, or a non-disparagement clause. See **Exhibit 1**. Lastly, as will be discussed below, Plaintiff's counsel's requested attorneys' fees are not excessive as they only seek one-third of the settlement, plus actual litigation costs, which is typical of FLSA cases.

Based on the foregoing, there is no evidence of fraud or collusion. Therefore, Plaintiff respectfully requests that the Court find that the Agreement is a "fair and reasonable" compromise of her FLSA claims against Defendants and approve the settlement.

## **THE REQUESTED ATTORNEYS' FEES AND COSTS ARE REASONABLE**

Plaintiff further seeks approval of attorneys' fees and costs. The Agreement provides that Plaintiff's counsel will recover $6,689.63, or one-third of the total settlement amount after the deduction of costs, plus $931.10 for the reimbursement of actual litigation costs. See **Exhibit 1**, Section 1.a. The amount requested for attorneys' fees is fair and reasonable as it the fee agreed upon by Plaintiff in his retainer agreement (one-third), and a contingency fee of one-third is generally sufficient to account for the risks associated with representation.

Plaintiff's counsel has worked without any compensation to date, and Plaintiff's counsel's fees have been wholly contingent upon the result achieved. Plaintiff has spent a considerable amount of time investigating, researching, and litigating Plaintiff's claims; and negotiating and executing the settlement.

Plaintiff's counsel's request for attorneys' fees in the amount of one-third of the settlement amount is fair and reasonable. "[C]ourts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases." *Meza v. 317 Amsterdam Corp.*, No. 14 Civ. 9007, 2015 U.S. Dist. LEXIS 166890, at *5 (S.D.N.Y. Dec. 14, 2015); *see also Ramirez v. Greenside Corp.*, No. 16 Civ. 726, 2017 U.S. Dist. LEXIS 30527, at *9 (S.D.N.Y. Mar. 3, 2017) (stating "contingency fees of one-third in FLSA cases are routinely approved in this Circuit"); *Leon v. Univ. 45 Fruit &*

3

*Vegetable Corp.*, No. 19 Civ. 8266, 2020 U.S. Dist. LEXIS 48716, at *5 (S.D.N.Y. Mar. 20, 2020) (finding the amount of the fee award reasonable where "the attorneys' fees amount is approximately 33% of the [ ] settlement amount after costs").

      Lastly, Plaintiff's counsel expended $931.10 on the ECF filing fee and process server fees. (See, **Exhibit 3**) This cost is commonly reimbursed by courts in this District. *See e.g.*, *Chamoro v. 293 3rd Cafe Inc.*, No. 16 Civ. 339, 2016 U.S. Dist. LEXIS 136101, at *9-10 (S.D.N.Y. Sep. 30, 2016) (holding that court filing fees, service of process, costs of mailing, legal research, and other litigation costs are generally recoverable). As such, Plaintiff's counsel's attorneys' fees and costs are fair and reasonable and should be approved by the Court.

      \*                \*                \*

      For the foregoing reasons, Plaintiff respectfully requests that the Court approve the attached settlement agreement. We thank the Court for its time and consideration.

      Respectfully submitted,

      */s/ William Brown*

      William Brown, Esq.
      wbrown@bkllawyers.com

cc:    Claudine O'Rourke (claudine.orourke@compass.com)
       Robert O'Rourke (bobby17gh@gmail.com)
       Robert Gerola (robert612@icloud.com)