```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/5/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ELLEN HOLLIS,

                Plaintiff,

-v.-

THE ALL AMERICAN BAR ON FIRST, INC., et al.,

                Defendants.

22 Civ. 1466 (JHR)

MEMORANDUM OPINION AND ORDER

---

JENNIFER H. REARDEN, District Judge:

Before the Court is the motion of Plaintiff Ellen Hollis to approve a proposed settlement of this case asserting claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (the "FLSA") and New York Labor Law (the "NYLL"). ECF No. 42 (Motion). For the reasons stated below, Plaintiff's motion is GRANTED.

## I.  Background

On February 22, 2022, Plaintiff brought this action seeking allegedly unpaid minimum and overtime wages and unlawfully retained tips. ECF No. 1 (Compl.) ¶ 2. Plaintiff avers that her unpaid wages and withheld tips totaled $169,791.00. Motion 2. Defendants The All American Bar on First, Inc. d/b/a American Trash; Lava 164 Corp. d/b/a Marshall Street; Robert Gerola; Robert O'Rourke; and Claudine O'Rourke (collectively, "Defendants")[1] contend that

---

[1] Individual Defendant Louise DeMarco has not appeared.

Counsel for Defendants, including both corporate defendants, withdrew on October 12, 2022. *See* ECF No. 35. "Generally, a corporation must be represented by counsel and may not proceed *pro se*." *Burgos v. San Miguel Transp., Inc.*, No. 16 Civ. 5929 (PAE), 2016 WL 7015760, at *1 n.1 (S.D.N.Y. Dec. 1, 2016). However, there are "limited purposes" where "an agent of a corporation" may "represent [it] when," as here, "the agent is a party to the action." *Id.* (counting cases). In this instance, the "limited purpose" consists "of settling this action." *Id.* Defendants Claudine O'Rourke and Robert Gerola, "Authorized Officer[s]" of American Trash and Marshall Street, have signed the settlement agreement on behalf of their respective corporate

"Plaintiff was a partner in the restaurants and therefore not entitled to minimum wage or overtime premiums." *Id.* at 3. According to Plaintiff, Defendants also "vehemently dispute the number of hours Plaintiff worked." ECF No. 45 (Supplemental Letter) at 3.

On March 16, 2023, Plaintiff moved for approval of a settlement with Defendants in the amount of $21,000.00.[2] In exchange, Plaintiff agrees to release Defendants "from all causes of action arising under the [FLSA], the [NYLL], and/or any federal state or local wage statute, code, or ordinance concerning wage and hour matters." Agreement 4.

## II.   Discussion

### A. Approval of the Settlement Agreement

Under the FLSA, an employer that violates the requirement to pay minimum or overtime wages must pay the affected employee(s) "their unpaid minimum wages, or their unpaid overtime compensation . . . and . . . an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). FLSA claims cannot be privately resolved "without either the approval of the district court or the Department of Labor." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015) (citing *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015)). In assessing whether a settlement is "fair and reasonable," courts "consider the totality of the circumstances, including . . . : (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining

---

entities. Agreement 8.

[2] Although Defendant Louise DeMarco is not a party to the settlement agreement, it expressly releases the claims asserted against her. *See* ECF No. 42-1 (Agreement) at 4.

between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quotation omitted).

Regarding the first and third factors, Plaintiff claims $169,791.00 in unpaid wages and misappropriated tips, an equal amount in liquidated damages, and $20,000.00 in statutory penalties ($10,000.00 for each corporate defendant). *See* ECF No. 42-2 (Damages Calculation). Thus, Plaintiff's best-case recovery would amount to $359,582.00. By comparison, the proposed settlement of $21,000.00—consisting of $13,422.67 to Plaintiff, $866.00 in litigation costs, and $6,711.33 in attorney's fees (i.e., one-third of the settlement amount after deducting costs)—falls at the low end of settlements that courts in this District have approved. In *Penafiel v. Rincon Ecuatoriano, Inc.*, however, the Court approved a settlement of roughly 4% of plaintiffs' best-case recovery.[3] No. 15 Civ. 112 (PAE), 2015 WL 7736551, at *2 (S.D.N.Y. Nov. 30, 2015). In part, the Court approved that settlement because "plaintiffs ha[d] serious concerns about collectability, which 'militates in favor of finding a settlement reasonable.'" *Id.* (quoting *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013)). In *Aguilar v. N & A Prods. Inc.*, while the Court ultimately rejected the proposed settlement on other grounds, "the Court [found] the [settlement] amount" of approximately 7% "to be fair and reasonable" due to "substantial legal and factual disputes that go to the core of Plaintiff's claims."[4] No. 19 Civ. 1703 (RA), 2019 WL 5449061, at *1-2 (S.D.N.Y. Oct. 24, 2019).

---

[3] In *Penafiel*, the Court compared plaintiffs' recovery, exclusive of attorneys' fees (and of litigation costs, which had been waived), to the total best-case recovery, including liquidated damages. An apples-to-apples comparison here yields a roughly comparable recovery of 3.7%.

[4] In *Aguilar*, the Court compared plaintiff's recovery, inclusive of attorney's fees, to the total best-case recovery, including liquidated damages. An apples-to-apples comparison here yields a recovery of 5.8%.

Defendants' circumstances here resemble those of the defendants in *Penafiel* and *Aguilar*. For example, individual Defendant Robert Gerola, owner of the now-closed corporate Defendants, "is delinquent in his mortgage payments . . . and . . . foreclosure proceedings have been initiated against him." Motion 2. Moreover, to make this proposed settlement possible, Robert and Claudine O'Rourke—additional owners of the corporate Defendants—had to "borrow[] against [Mr. O'Rourke's] pension, at great financial cost." *Id.* And the withdrawal of Defendants' counsel (in October 2022) was "due to the non-payment of fees." *Id.*[5] Against that backdrop, "it is highly unlikely Plaintiff will be able to collect" on any judgment at trial. Supplemental Letter 3.

"[S]ubstantial legal and factual disputes that go to the core of Plaintiff's claims" have also characterized this matter. *Aguilar*, 2019 WL 5449061, at *2. As previously explained, Defendants "vehemently dispute the number of hours Plaintiff worked." Supplemental Letter 3. In addition, Defendants "claim that Plaintiff was a part owner in the business and therefore was not an employee under the FLSA and NYLL." *Id.* Plaintiff further "assumes that [the] Corporate Defendants . . . were joint employers / a single integrated enterprise." *Id.* She concedes, however, that if they were not, "Plaintiff would not be entitled to overtime premiums in most weeks, significantly reducing her recovery." *Id.* For these reasons, "Plaintiff faces significant litigation risks—in proving [her] claims and obtaining an award close to the estimated full recovery—at trial." *Aguilar*, 2019 WL 5449061, at *2.

---

[5] Less than a year ago, Defendants spent a substantial sum settling a related wage and hour case. *See Butler v. All American Bar on First Avenue Inc.*, No. 21 Civ. 164 (SLC), slip op. at 1-2 (S.D.N.Y. Aug. 1, 2022) (approving a settlement of $22,232.58 per plaintiff, totaling $102,500.00, against the same individual defendants and noting plaintiffs' "serious concerns about collectability" and that the parties had "agreed to a payment schedule").

As to the remaining three factors, "this case settled quite early, allowing the parties to avoid significant litigation expenses; the parties . . . engaged in extensive settlement discussions at arms [sic] length; and there is no evidence of fraud or collusion." *Ramirez v. Harishivji Inc.*, 19 Civ. 4172 (AT), 2020 WL 8872788, at *2 (S.D.N.Y. Apr. 16, 2020) (quotation omitted) (approving a settlement of 5.7%, inclusive of liquidated damages and exclusive of attorney's fees and costs); *see Wolinsky*, 900 F. Supp. 2d at 335; *see also* Motion 1 (detailing mediation efforts with Defendants while they were represented, followed by settlement negotiations between Plaintiff's counsel and the *pro se* Defendants).

Ultimately, "considering the totality of the circumstances, the Court finds the proposed settlement agreement fair and reasonable." *Penafiel*, 2015 WL 7736551, at *2.

## B. Approval of Attorneys' Fees

Plaintiff's counsel seeks $6,711.33 in attorney's fees, representing one-third of the net settlement amount after deducting costs. *See, e.g. Run Guo Zhang v. Lin Kumo Japanese Rest. Inc.*, No. 13 Civ. 6667 (PAE), 2015 WL 5122530, *1 n.1 (S.D.N.Y. Aug. 31, 2015) ("The Court's view is that attorneys' fees, when awarded on a percentage basis, are to be awarded based on the settlement net of costs."). In determining whether to award a fee, "courts in this Circuit look to counsel's lodestar—the reasonable hourly rate multiplied by the reasonable number of hours worked." *Penafiel*, 2015 WL 7736551, at *2. "To aid a court in determining the reasonableness of proposed attorney's fees, counsel must submit evidence providing a factual basis for the award" in the form of "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Wolinsky*, 900 F. Supp. 2d at 336. Plaintiff's counsel has done so, adducing "contemporaneous billing records," *id.*,

detailing 42.6 hours of work at an hourly rate of $400.00,[6] ECF No. 45-2 (Time Records).  That yields a lodestar of $17,040.00.  The amount requested by Plaintiff's counsel—one-third of the net settlement—is "the customary contingency percentage in FLSA cases," *Garcia v. Atlantico Bakery Corp.*, No. 13 Civ. 1904 (JCF), 2016 WL 3636659, at *1 (S.D.N.Y. June 29, 2016) (collecting cases), and, of note, is considerably lower than the lodestar amount.[7]  Accordingly, the Court grants Plaintiff's counsel a fee award of $6,711.33, or one-third of $17,040.00.

As for costs, Plaintiff's counsel seeks $866 for filing and service fees.  *See* ECF No. 42-3 (Filing Receipt) at 2 ($402.00 SDNY filing fee); ECF No. 45-1 (Service Invoices) ($464.00 in service fees).  The Court approves these costs as reasonable.  *See Collado v. Donnycarney Rest. L.L.C.*, No. 14 Civ. 3899 (GBD) (HBP), 2015 WL 4737917, at *14 (S.D.N.Y. Aug. 10, 2015) (collecting cases and approving service fees of $745.00).

### III.   Conclusion

For the foregoing reasons, the Court approves the parties' proposed $21,000.00 settlement and dismissal of the action with prejudice.

The Clerk of Court is directed to terminate ECF Nos. 42 and 45 and close this case.

SO ORDERED.

Dated: July 5, 2023
       New York, New York

*Jennifer H. Rearden*
JENNIFER H. REARDEN
United States District Judge

---

[6] "Courts of this Circuit commonly allow for hourly rates of $300 to $400 for experienced attorneys or partners in FLSA and NYLL wage-and-hour cases." *Surdu v. Madison Glob., LLC*, No. 15 Civ. 6567 (HBP), 2018 WL 1474379, at *10 (S.D.N.Y. Mar. 23, 2018) (collecting cases).

[7] Even if the Court reduced counsel's hourly rate to the lower bound of $300, the resulting lodestar of $12,780.00 would still nearly double counsel's requested fee award.